FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ SEP 14 2009
P.M.
TIME A.M.

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x   NOT FOR PRINT OR
                                                                 ELECTRONIC PUBLICATION
BARBARA ZINNAMON,

                Plaintiff,                    09-CV-3824 (ARR)(RML)

    -against-                                              MEMORANDUM
                                                                 AND ORDER
MOTOROLA,

                Defendant.
------------------------------------------------------------x
ROSS, United States District Judge:

        On August 24, 2009, plaintiff Barbara Zinnamon,[1] appearing *pro se*, filed this action against defendant Motorola. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this order. The complaint is dismissed for the reasons set forth below.

## Background

Plaintiff's statement of claim provides in relevant part:

I, Barbara Zinnamon, respectfully request legal charges to be brought forth against Motorola for fraud. I purchased an I855(2) on 8/9/2008 which caused the warranty to be valid for one year. I was informed yes repair would be done. Then I was informed Motorola no longer repairs I855 cell phones, therefore, I requested a replacement and was told yes. Then I was informed my warranty from the store was not valid, only the store writes out the receipt in which is valid for one year repair service. The fraud was non replacement of a new or another cellular phone.
. . .
I am seeking a lawsuit of approximately two million dollars (US) from Motorola due to fraud activity. Compl. at 1-2.

---



[1] Plaintiff has filed numerous actions in this court. See Zinnamon v. T-Mobile, No. 09-CV-3273 (ARR); Zinnamon v. NYC Dep't of Social Svcs., No. 08-CV-5266 (ARR); Zinnamon v. NYS Dep't of Educ., No. 08-CV-5149 (ARR); Zinnamon v. NYC Dep't Citywide Svcs., No. 08-CV-3612 (ARR); Zinnamon v. NYC CCRB, No. 08-CV-2155 (ARR); Zinnamon v. American Mail Order, No. 09-CV-2042 (ARR); Zinnamon v. NYCPD, No. 08-CV-2153 (ARR); Zinnamon v. Outstanding Bus Co., No. 08-CV-1787 (ARR); Zinnamon v. PCF Newspaper, No. 08-CV-1400 (ARR); Zinnamon v. NYC Dep't of Educ., No. 08-CV-1399 (ARR); Zinnamon v. Bridge Security, No. 08-CV-1398 (ARR); Zinnamon v. Bank of New York, No. 06-CV-1805(ARR); Zinnamon v. Bank of New York, No. 98-CV-5707 (ARR).

## Standard of Review

In reviewing the complaint, the court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). However, pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if its "factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy," or if it is "based on an indisputably meritless legal theory" – that is, when it lacks an arguable basis in law ... or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted). A plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject-matter jurisdiction over the action. Rene v. Citibank NA, 32 F. Supp. 2d 539, 542 (E.D.N.Y. 1999).

## Discussion

Plaintiff does not provide the basis for the court's jurisdiction over this matter. While the state courts are courts of general jurisdiction, the subject-matter jurisdiction of the federal courts is limited. The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal question jurisdiction, while section 1332 provides for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. Arbaugh v. Y & H Corp., 546 U.S. 500, 513

(2006) (citing § 1332(a)). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." Id.

"[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). Moreover, federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999); see also Fed. R. Civ. P. 12(h)(3). Here, plaintiff does not present facts to suggest either diversity or federal question jurisdiction. Instead, plaintiff alleges that defendant Motorola has failed to repair or replace her cell phone and has committed fraud. Liberally construing plaintiff's complaint, it suggests claims arising under state law.

## **Warning**

As set forth above, this is plaintiff's fourteenth civil action filed in this court. As a result, the court has expended substantial judicial time and resources on plaintiff's claims. Plaintiff has engaged in a pattern of filing successive employment discrimination complaints and other types of complaints in federal court without considering whether there is any basis on which to proceed under the court's limited jurisdiction. The Court hereby warns plaintiff that if she continues to engage in similar conduct, the Court will consider sanctions, including the imposition of a filing injunction. "The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted); see also Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard).

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12 (h)(3). To the extent plaintiff raises any state law claims, the state law claims are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                              ALLYNE R. ROSS
                                              United States District Judge

Dated: September 11, 2009
           Brooklyn, New York